**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000099
16-APR-2026
07:57 AM
Dkt. 64 SO**

NO. CAAP-24-0000099

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GREGORY S. NOTTINGHAM, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1CPN-23-0000031 and 1CPN-23-0000034)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Petitioner-Appellant Gregory S. Nottingham (**Nottingham**) appeals from the January 31, 2024 Findings of Fact, Conclusions of Law, and Order Denying Petitions for Post-Conviction Relief Pursuant to [Hawaiʻi Rules of Appellate Procedure (**HRPP**)] Rule 40 Without a Hearing (**Order Denying Petitions**), entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Nottingham fails to present points of error on appeal in compliance with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4).  Nonetheless, we address the arguments raised in Nottingham's appeal to the extent we can discern them.  See State v. Croke, CAAP-23-0000105, 2024 WL 304009, *2 n.6 (Haw. App. Jan. 26, 2024) (SDO).

---

[1]  The Honorable Kevin A. Souza presided.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Nottingham's appeal as follows:

Nottingham argues that the Circuit Court erred in denying him relief pursuant to HRPP Rule 40 based on his assertion of judicial misconduct at a February 1, 2018 pre-trial hearing on a Motion for Supervised Release filed in 1CPC-17-0001428. Nottingham alleges that the judge in 1CPC-17-0001428 stated that Nottingham "stole a computer out of a police car," that Nottingham was "mentally ill," and that the judge wanted "to know who is going to manage your meds" before granting Nottingham's request for supervised release.

In the Order Denying Petitions, the Circuit Court found, *inter alia*, that the transcript contained no evidence of the judge referring to Nottingham as "mentally ill." Rather, as evidenced by the transcript of the February 1, 2018 hearing, in light of Nottingham's request for supervised release and that Nottingham was pending a mental health examination, the judge sought information concerning his case manager, services, doctor, and medical management, in order to evaluate the release request.[2]

The Circuit Court further found that the judge stated "*the allegations are* that [Nottingham] went into a police car and took [a] laptop from a police car[.]" The transcript of the February 1, 2018 hearing supports this finding. Nottingham

---

[2] We note that Nottingham's request for supervised release was ultimately granted.

asserts that the transcript was "doctored," but provides no citation to the record or other support for this assertion.[3]  A statement of the allegations included in a felony information is not evidence of bias against a defendant.  We conclude that Nottingham's arguments concerning bias and judicial misconduct are without merit.

Nottingham also contends, without argument or other support whatsoever, that the statute of limitations has run for both of his underlying offenses.  We conclude that this contention is waived.  See HRAP Rule 28(b)(4)&(7).

For these reasons, the Circuit Court's January 31, 2024 Order Denying Petitions is affirmed.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, April 16, 2026.

On the briefs:

Gregory S. Nottingham,
Petitioner-Appellant, pro se

Loren J. Thomas,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Respondent-Appellee

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[3]  Moreover, Nottingham failed to raise this issue in the proceedings below and it is therefore waived.